Chelsea A. Epps (State Bar No. 261026)
cepps@rutan.com
Ravi Mohan (State Bar No. 280673)
rmohan@rutan.com
Lucas K. Hori (State Bar No. 294373)
lhori@rutan.com
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Tel: (714) 641-5100
Fax: (714) 546-9035

Attorneys for Plaintiff,
IRONMAG LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONMAG LABS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKSTONE LABS, LLC, a Florida limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) and (b)]**<br><br>2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]**<br><br>3. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br><br>4. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff IronMag Labs, LLC (hereinafter "IronMag") as its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, *et seq.*; and under statutory and common law of unfair competition. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because IronMag's claims arise under the trademark laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over IronMag's claims that arise under the laws of the State of California.

2. This Court has personal jurisdiction over defendants because they transact business in the State of California.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events, omissions, and acts that are the subject matter of this action occurred within the Central District of California, and defendants are subject to personal jurisdiction in this district.

## THE PARTIES

4. Plaintiff IronMag is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located at 1860 Whitney Mesa Drive Suite 120, Henderson, Nevada, 89014.

5. On information and belief, defendant Blackstone Labs, LLC ("Blackstone") is a Florida limited liability company with an address at 9605 Parkview Avenue, Boca Raton, Florida 33428.

6. On information and belief, Blackstone has manufactured, imported, advertised, promoted, distributed, offered for sale, and/or sold products throughout the United States, and particularly in this judicial district, that infringe on IronMag's trademarks.

///

7. On information and belief, IronMag alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to IronMag for the damages and relief sought herein.

8. Defendants Blackstone and Does 1 through 10 are hereinafter collectively referred to as "Defendants."

9. On information and belief, IronMag alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of Defendants was the agent, servant, and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment, with the knowledge, approval, consent, or ratification of each of the other Defendants.

10. The identities of the individuals and entities named as defendants Does 1 through 10, inclusive, are not presently known, but IronMag will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. IronMag is in the business of selling bodybuilding supplement products.

12. IronMag owns federal trademark registration number 4,738,017 for SUPER DMZ in International Class 5 (referred to herein as the "SUPER DMZ Mark"). IronMag registered the SUPER DMZ Mark on May 19, 2015. A true and correct copy of IronMag's certificate of registration for the SUPER DMZ Mark is attached hereto as **Exhibit A.**

13. Since at least as early as January 1, 2010, and long prior to any use of a similar design or mark by Defendants, IronMag has been continuously, prominently, and exclusively using its SUPER DMZ Mark to denote the source of its goods and services in the United States and has enjoyed substantial commercial success. During this period, IronMag has committed enormous amounts of time, effort, and money to developing a widely respected reputation in the bodybuilding supplement industry through which the SUPER DMZ Mark has acquired secondary meaning indicating

that IronMag is the source of high-quality goods and services denoted by the SUPER DMZ Mark. Thus, long before the acts complained of herein, members of the general consumer population recognized the SUPER DMZ Mark as an exclusive source identifier for bodybuilding supplements products originating from, sponsored, or approved by IronMag.

14. On information and belief, IronMag has had the exclusive right to use the SUPER DMZ Mark in interstate commerce and IronMag's use has been exclusive since it first adopted the SUPER DMZ Mark, with the exception of unauthorized uses such as Defendants' described below. IronMag's SUPER DMZ Mark is valid and subsisting and remains in full force and effect.

15. IronMag has widely advertised, promoted, and marketed goods and services under its SUPER DMZ Mark in numerous and diverse advertising media including print, flyers, catalogs, and the Internet in order to promote the strength and renown of its SUPER DMZ Mark. IronMag has achieved a high level of commercial success in selling products and services bearing its SUPER DMZ Mark, and has built a valuable reputation and substantial goodwill, with which the SUPER DMZ Mark has become synonymous. Because of these efforts, and the renown of its SUPER DMZ Mark, customers and potential customers have come to associate the SUPER DMZ Mark with IronMag.

16. On information and belief, Defendants have offered, and are offering for sale and selling bodybuilding supplement products bearing the mark "SUPER DMZ." Photograph examples of such products are attached hereto as **Exhibit B**. Defendants' use of the mark "SUPER DMZ" in connection with these accused products began after IronMag's adoption and use of the SUPER DMZ Mark, and without IronMag's authorization, permission or consent.

17. Defendants are not authorized to use the SUPER DMZ Mark in connection with their goods or services, nor are Defendants affiliated with IronMag.

///

-3-

COMPLAINT

18.     Although IronMag has requested in writing that Defendants cease and desist their use of the mark "SUPER DMZ," Defendants have refused to do so.

19.     On information and belief, Defendants acted with full knowledge of IronMag's prior ownership and use of IronMag's registered trademarks, and without IronMag's authorization or consent, and have engaged in an intentional infringement by using the mark "SUPER DMZ" in order to interfere with and capitalize on IronMag's prior use, ownership, reputation, and goodwill.

20.     Defendants' use of the mark "SUPER DMZ" and sale of infringing goods is likely to cause confusion, mistake, and deception among the public and purchasers such that members of the public and purchasers of the infringing products are likely to be confused as to the existence of an association, connection, or relationship between IronMag and Defendants, and confused into believing Defendants' products are endorsed by, connected to, or affiliated with IronMag.

21.     Defendants' use of the mark "SUPER DMZ" in connection with their goods is confusingly similar to IronMag's SUPER DMZ Mark.

22.     On information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in IronMag's SUPER DMZ Mark to capitalize on IronMag's highly respected reputation as a high-quality bodybuilding supplement company.

23.     IronMag is in need of injunctive relief to bring an end to the irreparable harm caused by the sale of Defendants' goods that infringe on IronMag's SUPER DMZ Mark. Without an injunction, Defendants will undoubtedly continue to sell the infringing goods and cause additional confusion in the marketplace.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

24.     IronMag repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 above, inclusive, as though fully set

forth herein.

25. By the acts and omissions set forth above, Defendants have infringed and continue to infringe IronMag's rights regarding its federal trademark registration number 4,738,017, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants' conduct and use of the mark "SUPER DMZ" is likely to cause confusion, mistake, and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship, or approval of their goods, and interferes with IronMag's ability to use its mark to indicate a single quality control source of goods and services.

26. IronMag has suffered, is suffering, and will continue to suffer irreparable injury for which IronMag has no adequate remedy at law. IronMag is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

27. Defendants have profited and are profiting by such infringement and IronMag has been and is being damaged by such infringement. IronMag is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

28. Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive. IronMag is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

### SECOND CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a))

29. IronMag repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 above, inclusive, as though fully set forth herein.

30. Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

///

31. Defendants' use in commerce of the SUPER DMZ Mark and/or confusingly similar marks in connection with their goods constitutes a false designation of the origin and/or sponsorship of such goods and falsely describes and represents such goods.

32. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to violate IronMag's trademark rights and cause irreparable harm, damage, and injury to IronMag's goodwill and business reputation.

33. IronMag has been and continues to be irreparably injured as a result of Defendants' infringement and wrongful acts, and has no adequate remedy at law. IronMag is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

34. Defendants have profited and are profiting by such infringement and IronMag has been and is being damaged by such infringement. IronMag is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

35. Defendants' aforesaid wrongful conduct has been willful, wanton and malicious and done with an intent to deceive. IronMag is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

36. IronMag repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 above, inclusive, as though fully set forth herein.

37. Defendants have, without authorization from IronMag, used the SUPER DMZ Mark or a mark similar to the SUPER DMZ Mark to offer for sale and sell bodybuilding supplements.

38. Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with IronMag, and as to origin, sponsorship, or approval of Defendants' goods by IronMag.

39. Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

40. Defendants' unauthorized actions and conduct constitute direct infringements of IronMag's federal trademarks in violation of California common law.

41. On information and belief, Defendants' conduct is intentional, malicious, and wanton in that Defendants infringed and continue to infringe IronMag's federal trademarks: (i) with full knowledge that IronMag owns and has the exclusive right to use its federal trademarks; (ii) with the intention of causing a likelihood of confusion and mistake and to deceive; and (iii) with the intention of eliminating competition from IronMag.

42. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to IronMag, including but not limited to injury to IronMag's goodwill and business reputation.

43. IronMag has suffered, is suffering, and will continue to suffer irreparable injury for which IronMag has no adequate remedy at law. IronMag is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

## FOURTH CLAIM FOR RELIEF

**(California Unfair Competition Statute – Bus. & Prof. Code § 17200, *et seq.*)**

44. IronMag repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 above, inclusive, as though fully set forth herein.

45. The acts of Defendants complained of herein constitute unlawful and unfair competition in violation of the California Unfair Competition Statute,

California Business and Professions Code § 17200, *et. seq.*, as they are likely to deceive and mislead the public.

46. As a result of the foregoing actions of Defendants, Defendants have been unjustly enriched and IronMag has been injured and damaged. Unless the foregoing actions of Defendants are enjoined, IronMag will continue to suffer injury and damage.

47. IronMag is therefore entitled to injunctive relief and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, IronMag prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, their officers, directors, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

   a. Manufacturing, selling, offering to sell, importing for sale, advertising, displaying, or using the SUPER DMZ Mark, any derivative thereof, any mark including the words "SUPER DMZ," or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the manufacture, distribution, sale, advertising, marketing and promotion of any clothing, apparel, or accessories;

   b. Using in any other way any other mark or designation so similar to IronMag's marks as to be likely to cause confusion, mistake, or deception or to misappropriate IronMag's intellectual property;

   c. Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by, or licensed by IronMag;

   ///

1        d.     Otherwise competing unfairly with IronMag in any manner;

2        e.     Using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of IronMag and the goodwill associated therewith;

       f.     Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure IronMag's business and goodwill pertaining thereto; and

       g.     Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2.     For an order requiring Defendants to deliver to IronMag's attorneys within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by IronMag, all literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products, and any other written materials or items in Defendants' possession or control that bear the aforesaid infringing mark or design, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

3.     For an order requiring Defendants to file with the Clerk of this Court and serve IronMag, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4.     For an award of Defendants' profits and IronMag's damages according to proof at trial;

5.     For an award of three times IronMag's damages or Defendants' profits in view of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C. § 1117;

6.     For an order requiring Defendants to account for and pay to IronMag all gains, profits, and advantages derived by Defendants from the unlawful activities alleged herein, and /or as a result of unjust enrichment;

7. For an award of punitive damages according to proof;

8. For an award of reasonable attorneys' fees under 15 U.S.C. § 1117;

9. For an award of pre- and post-judgment interest at the highest rate allowed by law;

10. For an award of costs and disbursements incurred in this action; and

11. For such further relief as this Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

IronMag hereby demands a jury trial in this action.

Dated: May 27, 2015

RUTAN & TUCKER, LLP
CHELSEA A. EPPS
RAVI MOHAN
LUCAS K. HORI

By: */s/ Chelsea Epps*
Chelsea A. Epps
Attorneys for Plaintiff
IRONMAG LABS, LLC